IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

APR 1 1 2006

Michael N. Milby, Clerk of Court

```
                           )
IN RE                      )
                           )
JOE GUERRA and             )   CASE NO. 04-81659-G3-13
MARTHA GUERRA,             )
                           )
          Debtors,         )
                           )
JOE GUERRA and             )
MARTHA GUERRA,             )
                           )
          Plaintiffs,      )
v.                         )   ADV. NO. 05-8027
                           )
LEHMAN COMMERCIAL PAPER, INC., )
                           )
          Defendant.       )
                           )
```

MEMORANDUM OPINION

The court has considered "Lehman Commercial Paper,
Inc.'s Motion for Summary Judgment" (Docket No. 14), together
with the affidavits submitted by the parties prior to the court's
pretrial hearing on April 7, 2006.  The following are the
Findings of Fact and Conclusions of Law of the court.  A separate
Judgment will be entered granting the motion.  To the extent any
of the Findings of Fact are considered Conclusions of Law, they
are adopted as such.  To the extent any of the Conclusions of Law
are considered Findings of Fact, they are adopted as such.

Findings of Fact

Joe Guerra and Martha Guerra ("Debtors") filed a
voluntary petition under Chapter 13 of the Bankruptcy Code on

September 1, 2004.

On May 10, 2004, approximately four months prior to the
petition date in the instant Chapter 13 case, Debtors consulted
with their counsel of record in the instant adversary proceeding
regarding a potential cause of action against Lehman Commercial
Paper, Inc. ("Lehman").  In her affidavit responsive to the
instant motion, Martha Guerra states:

> On May 10, 2004, we met with Mr. Tomlinson, and he
> reviewed our loan transaction.  He informed us that it
> appeared that a federal law applied to this loan and
> that this law had been violated.  He also stated,
> however, that the statute of limitations for this claim
> had already run and that we could only raise this claim
> (1) if we filed for bankruptcy protection and the
> lender filed a proof of claim or (2) if we received a
> notice of foreclosure and an action to enjoin the
> foreclosure was filed in state court.

(Docket No. 15, Exh. A).

On September 20, 2004, Debtors filed their schedules in
the above captioned Chapter 13 case.  Debtors did not list as an
asset the cause of action they possessed against Lehman.  (Docket
No. 7, Case No. 04-31659-G3-13).

On December 8, 2004, Select Portfolio Servicing, Inc.,
("Select") Lehman's servicer, filed a proof of claim on Lehman's
behalf in the above captioned Chapter 13 case.  Select filed its
most recent amendment to its proof of claim on January 26, 2005.
Debtor objected to the proof of claim on January 27, 2006,
asserting that the amount of the claim should be reduced based on
Debtors' anticipated recovery in the instant adversary

2

proceeding.  (Docket No. 52, Case No. 04-81659-G3-13).  The claim objection was consolidated into the adversary proceeding, by order entered March 7, 2006.  (Docket No. 67, Case No. 04-81659-G3-13).

Debtors' Chapter 13 plan was confirmed by order entered December 21, 2004.  (Docket No. 27, Case No. 04-81659-G3-13).

On April 11, 2005, Debtors filed the complaint in the initial adversary proceeding, seeking an award of damages against Lehman.  Debtors asserted violations of the Truth In Lending Act and Home Ownership and Equity Protection Act with respect to closing of a loan transaction during 1998.

On October 28, 2005, Debtors amended their schedules to disclose the cause of action they assert against Lehman in the instant adversary proceeding.

Conclusions of Law

A debtor is required to disclose all potential causes of action, including those contingent, dependent, or conditional.  Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197 (5th Cir. 1999).

A debtor who does not disclose a cause of action, or does not timely amend the schedules to disclose, is judicially estopped from pursuing that cause of action.  Jethroe v. Omnova Solutions, Inc., 412 F.3d 598 (5th Cir. 2005).

3

The Fifth Circuit has further clarified the disclosure requirement, stating that judicial estoppel does not apply if failure to disclose is inadvertent:

> We noted in <u>Coastal Plains</u> that many courts require that "the party to be estopped must have acted intentionally, not inadvertently," in order for judicial estoppel to apply. We found, however, that based on the importance of full disclosure in bankruptcy, "in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."

<u>Kamont v. West</u>, 83 Fed. Appx. 1 (5th Cir. 2003) (internal citations to <u>Coastal Plains</u> omitted).

In the instant case, Martha Guerra's affidavit makes it clear that she knew of the undisclosed claims prior to the filing of the petition. As such, Debtors' failure to disclose the cause of action was not inadvertent. The court concludes that Lehman is entitled to summary judgment, determining that Debtors are judicially estopped from asserting the cause of action pled against Lehman in the instant adversary proceeding.

Based on the foregoing, a separate Judgment will be entered granting "Lehman Commercial Paper, Inc.'s Motion for Summary Judgment" (Docket No. 14). Although it appears likely that disposal of the subject matter of the underlying cause of action pled in the instant adversary proceeding disposes of the objection to claim, the court will set an additional pretrial

4

conference to determine whether any issues remain for trial.

Signed at Houston, Texas on this _____ // _____

day of _____, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

5